IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLEKSANDER CHERNOBAI,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| v. | **NO. 14-06938** |
| **HYDRAULAX PRODUCTS, INC.,** | |
| **Defendant.** | |

**PAPPERT, J.**                                                                                                          **FEBRUARY 19, 2015**

<u>**MEMORADUM**</u>

Plaintiff Oleksander Chernobai ("Chernobai") brings this action against his former employer, Hydraulax Products, Inc., ("Hydraulax"), alleging that he was wrongfully terminated because of his national origin. Chernobai is an "adult Ukrainian, Slavic individual." (Am. Compl. ¶ 3, Doc. 9.) Hydraulax moves to dismiss Chernobai's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion to Dismiss is granted and Chernobai is given leave to amend the Amended Complaint.

<u>**Factual and Procedural Background**</u>

Chernobai was hired as a factory worker by Hydraulax's predecessor, Hydraulic Fittings Company, Inc., on September 17, 2012. (*Id.* ¶¶ 7.) Hydraulax acquired Hydraulic Fittings Company on December 27, 2012. (*Id.* ¶ 8.) "Defendant's management" subjected Chernobai to discriminatory treatment, including assigning him the most unfavorable and menial work, assigning him extra work, calling him "discriminatory names such as 'stupid Russian,'" and generally treating him in a rude and condescending manner. (*Id.* ¶ 11.) An unidentified individual told Chernobai that he was required to speak English at work while other employees were permitted to speak Spanish. (*Id.* ¶ 12.)

On September 23, 2013, an unidentified Hydraulax employee terminated Chernobai because he had missed too much work. (*Id* ¶ 14.) Chernobai had not exhausted his sick leave and "was well within the time allotted to him" under Hydraulax's policy. (*Id.* ¶ 13.) Other unidentified non-Ukrainian and/or non-Slavic employees were not terminated for using their allotted sick leave. (*Id.* ¶ 16.) On that basis, Chernobai concluded that his termination for excessive absenteeism was a pretext and he was actually terminated because of his national origin. (*Id.* ¶ 17.)

On October 17, 2013, Chernobai simultaneously filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission. (Def.'s Mot. Dismiss, Ex. B, Doc. 12.) The complaint alleged national origin discrimination. (*Id.*) Chernobai exhausted his administrative remedies by waiting the mandatory year before filing this action. (Am. Compl. ¶ 21.)

On November 5, 2014, Chernobai filed a complaint in the Court of Common Pleas of Philadelphia County alleging wrongful termination in violation of portions of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Const. Stat. §§ 951-963, relating to national origin discrimination and 42 U.S.C. § 1981 relating to race discrimination. (Not. of Removal, Ex. A, Doc. 1.) Hydraulax promptly removed the action to this Court. (*Id.* at 1.)

On December 12, 2014, Hydraulax moved to dismiss the Complaint because it (1) failed to plead facts sufficient to demonstrate that the circumstances surrounding Chernobai's termination gave rise to an inference of discrimination; and (2) the hostile work environment claim and race claim pursuant to § 1981 were beyond the scope of Chernobai's PHRC complaint. (Def.'s Mot. Dismiss 1, Doc 3.) Rather than oppose the motion, Chernobai rendered it moot by amending his Complaint and replacing the § 1981 claim with a national origin claim pursuant to

Title VII of the Civil Rights Act of 1964.  (Am. Compl. ¶¶ 27-30.)  The factual allegations in the Amended Complaint, however, remain essentially identical to those initially pled.[1]

The Amended Complaint includes two counts of national origin discrimination.  Count I alleges that Chernobai's termination violated the PHRA and Count II alleges that the termination violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  For all practical purposes, the factual allegations supporting Chernobai's state and federal claims are identical.

Hydraulax moves to dismiss the Amended Complaint by *again* arguing that it (1) fails to plead facts sufficient to demonstrate that the circumstances surrounding Chernobai's termination create an inference of discrimination; and (2) the hostile work environment claim is outside the scope of the complaint filed with the PHRC.[2]  (Def.'s Mot. Dismiss, Doc. 12.)  Hydraulax requests dismissal with prejudice.  (Def.'s Reply 3-4, Doc. 17.)  Chernobai responds by arguing that the Amended Complaint creates an inference of discrimination in two ways: by alleging discriminatory comments and disparate treatment.  (Pl.'s Opp'n Mot. Dismiss 9, Doc. 13.)  He does not request leave to amend.

The Court held oral argument on Hydraulax's motion to dismiss on February 12, 2015.

**Legal Standard**

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts "consider only the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated in part on other grounds, Bell Atl. Corp. v. Tombly*, 550 U.S. 544, 557 (2007).  The

---

[1] Chernobai added paragraphs 10 and 13 to the Amended Complaint.  Paragraph 10 states that Chernobai was "able to and did perform his job with the Defendant in a satisfactory manner" and Paragraph 13 states that "the non-Ukrainian and non-Slavic employees that were not subject to discriminatory treatment … were also in non-management positions (like Plaintiff) and had some of all of the same supervisors as Plaintiff."

[2] Chernobai assures the Court that he is not pursuing a hostile work environment claim.  (Pl.'s Opp'n Mot. Dismiss 11, Doc. 13.)  For that reason, this argument is not addressed.

court must "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, even those "couched as factual allegations," may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pleading must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2). The complaint must allege more than plaintiff's entitlement to relief—it has to "show" this entitlement with facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). This requires "'sufficient factual matter' to show that the claim is facially plausible." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible if it states "enough factual matter (taken as true) to suggest the required element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). A motion to dismiss will be granted when the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56.

**Discussion**

    **I.**    *National Origin Discrimination*

Title VII makes it unlawful for an employer to "discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The PHRA similarly prohibits an employer from depriving individuals of "the opportunity . . . to obtain employment for which he is qualified . . . because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin . . . ." 43 Pa. Const. Stat. § 953. "The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania Courts have construed the protections of the two acts interchangeably." *Huston v.*

*Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 n.2 (3d Cir. 2009) (citing *Weston v. Pennsylvania*, 251 F.3d 420, 426 n.3 (3d Cir. 2001)).  For this reason, the analysis below applies equally to both of Chernobai's claims.

To survive a motion to dismiss, the factual allegations in the complaint must give the defendant notice of the basis of plaintiff's claim.  *Fowler*, 578 F.3d at 212.  In employment discrimination cases, this standard requires a plaintiff to "plead sufficient factual matter that permits the reasonable inference that [he] was terminated or retaliated against because of [his] race, sex, and/or national origin."  *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (citing *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000); *see also Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014).  A plaintiff may develop an inference of discrimination "in a number of ways, including, but not limited to, comparator evidence, evidence of similar [impermissible] discrimination of other employees, or direct evidence from statements or actions by [plaintiff's] supervisor suggesting [impermissible] animus."  *Golod*, 403 F. App'x at 703 n.2.  Chernobai pleads two sets of facts designed to create an inference of discrimination: discriminatory comments and disparate treatment.

*Discriminatory Comments*

Chernobai alleges that he was called "discriminatory names such as 'stupid Russian'" by "Defendant's management."  Chernobai does not, however, identify in the Amended Complaint the individual(s) who called him a "stupid Russian" or provide any facts showing that this comment was in any way connected to his termination.[3]  *See Senador v. Zober Indus. Inc.*, No. 07-4144, 2009 U.S. Dist. LEXIS 36059, at *14 (E.D. Pa. Apr. 28, 2009) (concluding that

---

[3] In response to the Court's questioning at oral argument, Chernobai's counsel for the first time identified "Michael" as the individual who called Chernobai a "stupid Russian."  (Hr'g Tr. 16, Feb. 12, 2015.)   But despite the fact that "Michael" was allegedly Chernobai's "direct supervisor," counsel does not know his last name, (*id*.), and he could not even say for sure that "Michael" was involved in the decision to terminate Chernobai.  (*Id*. at 25-26.)

5

comments connected to plaintiff's national origin made by plaintiff's supervisor prior to and at the time of plaintiff's termination "may create an inference that he was fired because of his national origin"); *Greene v. Turf Club Servs.*, No. 98-5393, 2000 U.S. Dist. LEXIS 130, at *7-8 (E.D. Pa. Jan. 12, 2000) (concluding that plaintiff established a *prima facie* case by showing that his direct supervisor, who terminated plaintiff, made a number of discriminatory comments that exhibited racial animus). As pled, this single stray comment is insufficient to create an inference of discrimination. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision." (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring))). For these reasons, Chernobai's allegation of discriminatory comments fails to raise a reasonable inference of discrimination.

### *Disparate Treatment*

An inference of discrimination may also arise when "similarly situated persons not within the protected class were treated more favorably [than plaintiff]." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 n.7 (3d Cir. 2003). "While similarly situated does not mean identically situated, the plaintiff must nevertheless be similar in all relevant respects." *Opsatnik v. Norfolk S. Corp.*, 335 F. App'x 220, 222-23 (3d Cir. 2009) (citation omitted). The relevant factors include "showing that the two employees dealt with the same supervisor, were subject to the same standards and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *McCullers v. Napolitano*, 427 F. App'x 190, 195 (3d Cir. 2011) (citation omitted). Even a single allegation that a similarly situated individual was treated differently suffices to raise a reasonable

inference of discriminatory animus. *Lucchesi v. Day & Zimmerman Grp.*, No. 10-4164, 2011 WL 1540385, at *4 (E.D. Pa. Apr. 21, 2011) (denying motion to dismiss plaintiff's gender discrimination claim based on an allegation of a superficial and unfair investigation of a female employee's sexual harassment complaint against plaintiff, a male employee).

Chernobai alleges that other "non-management employees" who had "some or all of the same supervisors" were permitted to speak a non-English language and were not assigned additional, menial tasks. (Am. Compl. ¶¶ 11-13.) Absent from these allegations are any facts showing that there were no mitigating or distinguishing factors explaining the difference in treatment. Without such facts, Chernobai has not alleged that he is "similar in all relevant respects" to those who were treated more favorably. *Opsatnik*, 335 F. App'x at 222-23; *see also Groeber*, 555 F. App'x at 135 (affirming the district court's conclusion that allegations that defendant hired less qualified white women for secretarial positions and that plaintiff never received a raise while other more recent hires did were insufficient to allege disparate treatment).

Moreover, the purpose of pleading disparate treatment is to permit the reasonable inference that the plaintiff was terminated because of his national origin. *Golod*, 403 F. App'x at 702; *see also Opsatnik*, 335 F. App'x at 223 (concluding that plaintiff's comparator evidence did not "cast doubt on [defendant's] stated reason for terminating [plaintiff]" because plaintiff "failed to present evidence suggesting a link between the purported comparators and the motivations of the decision-makers who terminated [plaintiff]"). Chernobai does not identify the individual(s) who treated him less favorably or any individual(s) who had a role in his termination. He alleges no facts establishing a connection between this treatment and his termination. Without some connection between the alleged disparate treatment and Chernobai's termination, he has not pled facts sufficient to raise a reasonable inference of discrimination. *See*

*Golod*, 403 F. App'x at 702-03 (affirming the district court's dismissal of plaintiff's discrimination claims "because she failed to allege any causal connection between her Russian and/or Jewish heritage and Bank of America's decision to terminate her position").

Chernobai also alleges that he was terminated for using his allotted sick time, while other non-Ukrainian and/or non-Slavic employees were not. (Am. Compl. ¶ 16.) However, Chernobai does not describe the sick time policies nor does he allege that he was subject to the same policy as the unidentified employees.[4] *See Blackshear v. Verizon, DE, LLC*, No. 11-1036, 2011 WL 5116912, at *2 (E.D. Pa. Oct. 27, 2011) (concluding that plaintiff failed to show that he was treated differently from others who were similarly situated, in part, because he did not plead that they were held to the same standards). Moreover, he includes no facts showing the absence of factors explaining the different treatment. Chernobai, again, does not allege that he was "similar in all relevant respects" to employees who were treated more favorably. *Opsatnik*, 335 F. App'x at 222-23. Without similarly situated individuals, the Court cannot infer from the Amended Complaint that members of a non-protected class were treated more favorably than Chernobai.

The Amended Complaint does not include the requisite factual allegations that create a reasonable inference of discrimination. Chernobai has thus failed to state a claim upon which relief may be granted.

## II.     *Leave to Amend*

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). An

---

[4] Chernobai refers to "Defendant's employment policies." (Am. Compl. ¶¶ 16-17.) This allegation implies that there was more than one policy that may have applied to employees.

amendment is futile "if the complaint, as amended would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1999) (citation omitted).  When determining whether an amendment is futile, the Court applies the same standard of legal sufficiency as under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Chernobai exercised his right to amend pursuant to Federal Rule of Civil Procedure 15(a)(1) before the Court ruled on Hydraulax's original motion to dismiss.  Hydraulax then filed a second motion to dismiss repeating the arguments articulated in its initial motion.  Because of these events, the Court never addressed the merits of Hydraulax's initial motion in a way that would have alerted Chernobai to the pleading deficiencies in his initial complaint.  At oral argument, Chernobai's counsel alleged additional facts that, though not very specific, could, if properly pled, amount to more than the vague and conclusory allegations in the Amended Complaint.  (Hr'g Tr. 16-17, 19, 20-21, 25-26.)  For these reasons, the Court is reluctant to conclude that amendment would be futile.  Chernobai will be given one last opportunity to properly plead his claims.  *See Wiggs v. City of Phila.*, No. 13-5193, 2014 WL 772538, at *6 (E.D. Pa. Feb. 27, 2014) (dismissing plaintiff's amended complaint for failure to state a facially plausible Title VII claim without prejudice and *sua sponte* granting plaintiff leave to amend); *see also Fowler*, 578 F.3d at 212 n.6 (observing in dicta that the district court erred by dismissing plaintiff's Title VII claim without first granting plaintiff leave to amend).

The Court will therefore dismiss the Amended Complaint without prejudice.  Chernobai will have leave to amend the Amended Complaint to include additional factual allegations, if any, that create a reasonable inference of discrimination.  An appropriate order follows.

/s/ Gerald J. Pappert<br>GERALD J. PAPPERT, J.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLEKSANDER CHERNOBAI,**<br><br>    Plaintiff,<br><br> v.<br><br>**HYDRAULAX PRODUCTS, INC.,**<br><br>    Defendant. | **CIVIL ACTION**<br>**NO. 14-06938** |

## ORDER

 **AND NOW**, this 19th day of February, 2015, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 12), Plaintiff's response (Doc. No. 13), and Defendant's reply (Doc. No. 17), **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an Amended Complaint that alleges facts sufficient to support all of the elements of a claim for employment discrimination brought pursuant to Title VII.  Plaintiff shall file his Amended Complaint (if any) no later than March 2, 2015.  If Plaintiff fails to file an Amended Complaint by March 2, 2015, this action will be dismissed with prejudice.

                 BY THE COURT

                 /s/ Gerald J. Pappert
                 GERALD J. PAPPERT, J.